IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-01974-WYD-MEH

REGINALD VANCE CALVERT,

    Plaintiff,

v.

SIEMEN WATER TECHNOLOGIES CORP.,
MR. RODNEY CUMMINS,
MR. PATRICK CONDON, and
MS. EVELYN OLSON,

    Defendants.
_____

**RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS**
_____

**Michael E. Hegarty, United States Magistrate Judge.**

Pending before the Court is a Motion to Dismiss Defendants Condon, Cummins and Olson pursuant to Fed. R. Civ. P. 12(b)(6) [filed December 7, 2009; docket #18]. Pursuant to 28 U.S.C. § 636(b)(1)(B) and D.C. Colo. LCivR 72.1C, the Motion has been referred to this Court for recommendation. The Court recommends that, for the reasons stated herein, the Motion be **denied as moot**.[1]

---

[1] Be advised that all parties shall have fourteen (14) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. §636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within fourteen (14) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or

This action was initiated by the Plaintiff proceeding *pro se* on August 20, 2009, alleging generally that Plaintiff suffered race discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), as an employee for Defendant Siemen Water Technology. *See* docket #3 at 5. The Plaintiff brought suit not only against Siemen, but also against individual Defendants Condon, Cummins and Olson. *See id.* at 1. On September 1, 2009, Magistrate Judge Boland ordered the Plaintiff to file an Amended Complaint to provide contact information for the individual Defendants in the "Parties" section of the Complaint.

In response to the Amended Complaint, Siemen filed an Answer and the individual Defendants filed the within Motion to Dismiss ("Motion") arguing that the Plaintiff may not allege claims pursuant to Title VII against individuals. Docket #18. Two days later, an attorney entered his appearance for the Plaintiff. Docket #21. On January 6, 2010, after the deadline for a response to the Motion to Dismiss passed without a response, this Court issued an Order to Show Cause why the Motion should not be granted. During the Scheduling Conference in this case on January 11, 2010, Plaintiff's counsel informed the Court that the Plaintiff intended to file a motion to amend the Amended Complaint to omit the individual Defendants. On January 21, 2010, the Plaintiff filed his unopposed motion to amend; pursuant to Fed. R. Civ. P. 15(a), this Court granted the motion and accepted the Second Amended Complaint, which omits the individual Defendants from the action. *See* docket #36.

Federal Rules of Civil Procedure 15(a)(2) provides that, once a responsive pleading has been filed, a party may amend its pleading only with the opposing party's written consent or the court's

---

adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

leave. "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2) (2009).

Here, under Fed. R. Civ. P. 15(c)(1)(B), the Second Amended Complaint relates back to the filing of the Amended Complaint. "Generally, when an amended complaint is filed, the previous complaint is wiped out and the operative complaint is the most recently filed version." *See Robinson v. Dean Foods Co.*, 2009 WL 723329, *4 (D. Colo. Mar. 18, 2009) (Blackburn, J.) (quoting *Snyder v. Pascack Valley Hosp.*, 303 F.3d 271, 276 (3d Cir. 2002)). In his Second Amended Complaint, the Plaintiff has simply omitted claims against the individual Defendants recognizing that they likely would have been dismissed pursuant to Title VII. Consequently, this Court recommends that Defendants' Motion to Dismiss be denied as moot.

Based on the foregoing, the Court RECOMMENDS that the District Court **deny as moot** the Motion to Dismiss Defendants Condon, Cummins and Olson pursuant to Fed. R. Civ. P. 12(b)(6) [filed December 7, 2009; docket #18].

Dated at Denver, Colorado, this 25th day of January, 2010.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

3